UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TRACY KALLMAN,

        Plaintiff,

v.                                        Case No. 5:22-cv-301-BJD-PRL

DEPARTMENT OF CORRECTIONS,
et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Tracy Kallman, an inmate of the Florida penal system, initiated this action *pro se* by filing a complaint for the violation of civil rights in the United States District Court for the Northern District of Florida (Doc. 1). Because her complaint concerned medical treatment she requested or needed when housed at Lowell Correctional Institution in Ocala, Florida, the Northern District transferred the case here. *See* Order (Doc. 4). Thereafter, Plaintiff paid the filing fee.

Finding her complaint deficient, the Court directed Plaintiff to submit an amended complaint. *See* Order (Doc. 9). The Court advised Plaintiff the Florida Department of Corrections (FDOC) is not a viable Defendant to the

extent she seeks monetary relief. *Id.* Additionally, the Court advised Plaintiff that deliberate indifference is more than medical malpractice and instructed her that she must explain how each named Defendant violated her constitutional rights. *Id.* Plaintiff filed an amended complaint (Doc. 11), which again was deficient and did not comply with the Order directing her to amend. *See* Order (Doc. 13). In particular, Plaintiff sought to proceed against the FDOC but did not allege a policy or custom caused her injury, and she alleged only medical malpractice, did not explain how each named Defendant violated her rights or clearly identify the Defendants, and referred to prior filings. *Id.* The Court gave Plaintiff one more opportunity to submit a proper complaint that asserted cognizable claims. *Id.*

Before the Court for screening is Plaintiff's second amended complaint (Doc. 16; Sec. Am. Compl.).[1] The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). Since the PLRA's "failure-to-state-a-claim" language mirrors the

---

[1] Even though Plaintiff is not proceeding as a pauper, the Court has an obligation to review her complaint for facial sufficiency. *See* 28 U.S.C. § 1915A(a), (b) (providing that a court must review a complaint by a prisoner against a governmental officer or employee and dismiss the complaint, or any portion of it, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted").

2

language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts apply the same standard. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Rather, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Notably, Plaintiff's second amended complaint is not signed. *See* Sec. Am. Compl. at 15. Under Federal Rule of Civil Procedure 11(a), "Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented." Aside from not being signed, the

3

second amended complaint is substantively deficient for many of the reasons the original and first amended complaints were. For instance, Plaintiff again names the FDOC as a Defendant but does not allege a policy or custom resulted in deliberate indifference to her constitutional rights. *See* Sec. Am. Compl. at 3, 5, 8-9. Liability under 42 U.S.C. § 1983 must be based on something more than "the mere fact that [a] municipality employed [an] offending official." *City of Okla. City v. Tuttle*, 471 U.S. 808, 810 (1985). Additionally, Plaintiff again fails to explain how the named medical providers—Dr. Canan and dental assistant Kelly—violated her constitutional rights, and she relies upon prior filings despite the Court's instruction that she not do so. *See* Sec. Am. Compl. at 2, 5, 8-9; Orders (Docs. 9, 13).

To state a claim under § 1983, a plaintiff must allege that a person acting under the color of state law deprived her of a right secured under the United States Constitution or federal law. *See* 42 U.S.C. § 1983. A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983 as an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) However, a prisoner bringing such a claim "has a steep hill to climb." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). In the prison context, a medical provider is deemed to have been deliberately indifferent, for example, when he or she knows an inmate needs medical care but intentionally

4

refuses to provide that care, *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985), or delays necessary medical care for non-medical reasons, *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Negligence is not actionable as deliberate indifference. *Estelle*, 429 U.S. at 105-06 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."). As such, a prisoner-plaintiff must do more than allege the care she received was "subpar or different from what [she] want[ed]." *Keohane*, 952 F.3d at 1277. *See also Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received … medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." (alteration in original)).

For example, "whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995). On the other hand, "medical treatment that is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to

5

be intolerable to fundamental fairness' constitutes deliberate indifference." *Id.* at 1544 (quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)).

Plaintiff alleges she was "denied timely dental care [and] neglected to the point [she] suffered pain." Sec. Am. Compl. at 5. She contends she lost teeth and, despite filing grievances and sick-call requests, her teeth were not replaced. *Id.* It appears her teeth were pulled because she "did not receive simple fillings [and] teeth cleaning[,] which caused [a] major infection." *Id.* She blames the "[d]ental staff" for keeping "poor records," which prevented them from properly tracking what dental work she already had and what work she still needed. *Id.* at 8.

The gravamen of Plaintiff's complaint is that she did not receive timely teeth cleaning or fillings due to poor record-keeping, which in turn resulted in dental staff having to pull infected teeth. Accepting as true that unnamed dental staff did not timely clean Plaintiff's teeth or fill cavities, which led to a loss of teeth, such conduct speaks to medical malpractice. "Deliberate indifference is not about 'inadvertence or error in good faith,' but rather about 'obduracy and wantonness'—a deliberate refusal to provide aid despite knowledge of a substantial risk of serious harm." *Stone v. Hendry*, 785 F. App'x 763, 769 (11th Cir. 2019) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

To the extent Plaintiff complains that she has been denied new teeth to replace the ones that were pulled, and the lack of teeth has caused "sores on the inside of [her] mouth from chewing," *see* Sec. Am. Compl. at 8, she fails to state a plausible deliberate indifference claim. Even assuming a lack of teeth constitutes a serious medical need, prisoners are not "constitutionally entitled to their preferred treatment plan or to medical care that is great, 'or even very good.'" *See Keohane*, 952 F.3d at 1277 (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th Cir. 1991)). In short, Plaintiff's allegations do not permit the reasonable inference anyone acted with "obduracy and wantonness" as opposed to mere "inadvertence." *See Hendry*, 785 F. App'x at 796.[2]

Moreover, Plaintiff concedes that some dental treatment was provided, albeit in response to initial lapses that caused a need for that treatment—tooth extraction. But Plaintiff does not allege any named Defendant was responsible for the delayed cleaning or fillings, nor does she allege any named Defendant knew she had a serious medical need but refused to provide medical treatment for non-medical reasons or provided care that was so cursory as to amount to no treatment at all. *See McElligott*, 182 F.3d at 1257 ("A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison

---

[2] Any unpublished decisions cited in this Order are deemed persuasive authority on the relevant point of law. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1061 (11th Cir. 2022).

officials with knowledge of the need for care may not, by failing to provide care . . . or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness.").

In this respect, Plaintiff's allegations are vague and conclusory. More than vague or conclusory allegations are required to state a cause of action under § 1983 because, "[e]ven under the so-called notice rules of pleading, a complaint must . . . [provide] sufficient detail . . . so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *See L.S.T., Inc., v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (citing *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984)). On the facts alleged, the Court cannot discern "that there is some legal basis for recovery" from the named Defendants. *See id.* Given Plaintiff has been afforded more than ample opportunity to amend her complaint, the Court finds this case is due to be dismissed.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

8

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of May 2023.

$\qquad$
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Tracy Kallman